UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEITH CLEVELAND,

    Plaintiff,

    v.        CAUSE NO.: 3:19-CV-483-JD-MGG

D.O.C., et al.,

    Defendants.

## OPINION AND ORDER

Keith Cleveland, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Cleveland alleges that, on May 20, 2019, he was moved from a second floor cell to a fourth floor cell despite medical instructions for a first or second floor cell assignment due to his asthma condition. On May 29, his cell assignment was changed back to the second floor after the medical staff intervened, but, on June 12, he

was assigned another cell on the fourth floor. On June 13, Cleveland fainted as he climbed the stairs to his cell and required treatment from medical staff. Following this incident, he was reassigned to a cell on the first floor. For his claims, Cleveland seeks money damages.

Cleveland names the Indiana Department of Correction and the Warden of the Indiana State Prison as defendants. While Cleveland may be able to assert a valid Eighth Amendment claim of deliberate indifference to his medical needs, *see Farmer v. Brennan*, 511 U.S. 825, 834 (1994), he cannot proceed against these defendants. The Eleventh Amendment bars "a suit by a citizen against the citizen's own State in Federal Court." *Johns v. Stewart*, 57 F.3d 1544, 1552 (7th Cir. 1995). This jurisdictional bar extends to state agencies such as the Indiana Department of Correction. *See Kashani v. Purdue University*, 813 F.2d 843 (7th Cir. 1987). Further, though Cleveland lists the Warden as a defendant, he does not mention him in the narrative portion of the complaint. "[L]iability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Because Cleveland does not describe how Warden was personally involved with his claim, he cannot proceed against the Warden on a claim for money damages. Without naming a proper defendant, Cleveland may not proceed on this complaint.

Nevertheless, Cleveland may file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If he chooses to file an amended complaint, he should obtain the court's approved form from the prison law library and put the case number of this case on it, which is on the first page of this order. Cleveland should only

2

file an amended complaint if he believes that he can name a proper defendant. He should also describe his interactions with individual defendants in detail, including names, dates, and locations, and explain how each individual defendant was responsible for harming him.

As a final matter, Cleveland has not resolved his filing fee status. To proceed with this case, Cleveland must either immediately pay the filing fee in full or file a motion for leave to proceed in forma pauperis. If he chooses to file a motion for leave to proceed in forma pauperis, he should obtain this court's form motion from the prison law library and file it with his trust fund ledgers for the last six months attached.

For these reasons, the court:

(1) GRANTS Keith Cleveland until July 26, 2019, to file an amended complaint and to resolve his filing fee status; and

(2) CAUTIONS Keith Cleveland that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED on June 28, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT