UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEITH CLEVELAND,

Plaintiff,

v.

CAUSE NO. 3:19-CV-483-JD-MGG

WARDEN, et al.,

Defendants.

OPINION AND ORDER

Keith Cleveland, a prisoner without a lawyer, initiated this case by filing a complaint (ECF 1) on June 19, 2019. In that complaint, Cleveland named only the Indiana Department of Correction and the Warden of Indiana State Prison. The court explained to Cleveland that he could not proceed against those defendants because the IDOC is immune from suit and because the Warden was not personally involved with the events he complains about. (ECF 4.) He was granted until July 26, 2019, to amend his complaint. (*Id.*)

He filed an amended complaint on July 22, 2019. (ECF 8). Cleveland also filed a copy of a medical instruction form, docketed as a supplement. (ECF 10.) Before the amended complaint could be screened, Cleveland filed a second amended complaint – titled as a supplemental prisoner complaint - on August 21, 2019. (ECF 14.) Cleveland was admonished that, to amend his complaint, he "must reproduce the entire pleading as amended" and "must not incorporate another pleading by reference." (ECF 17, citing N.D. Ind. L.R. 15-1(b)(2)). Cleveland was granted an opportunity to amend a third time.

(ECF 17.) He was granted until October 14, 2019 to file an amended complaint containing all of his claims against all of the defendants he is naming in this action. (*Id.*) Cleveland asked for additional time, and his request was granted. (ECF 18; ECF 19.) The deadline was extended until November 4, 2019. (ECF 19.) On October 28, 2019, Cleveland filed a copy of an offender grievance and return of grievance form, which was docketed as a supplement to the second amended complaint. (ECF 20.) Cleveland, however, did not file an amended complaint by the deadline and did not ask for additional time to do so. Instead, Cleveland wrote a letter indicating that he "was pose [sic] to go with my amended complaint and not the supplemental complaint[.]" (ECF 22.) Accordingly, this court will strike Cleveland's complaint titled as a "supplement" (ECF 14) and will now screen his amended complaint (ECF 8).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Cleveland suffers from asthma. As a result, a member of the medical staff determined that he should be housed on the 200 range or below. Cleveland alleges that, on June 12, 2019, Sgt. Coska moved him to the 400 range even though Cleveland showed Sgt. Coska a medical instruction form indicating that he needed to be housed

on the 200 range or below. (*See* ECF 10.) The next day, Cleveland passed out while walking up the stairs. Prisoners are entitled to medical treatment consistent with the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Based on the allegations in the complaint, Cleveland may proceed against Sgt. Coska.

The only other defendant named in the complaint is the D.O.C. – Department of Correction. In screening Cleveland's original complaint, this court explained to Cleveland that he could not proceed against the Indiana Department of Correction because it is immune from suit. (ECF 4.) The Eleventh Amendment bars "a suit by a citizen against the citizen's own State in Federal Court." *Johns v. Stewart*, 57 F.3d 1544, 1552 (7th Cir. 1995). This jurisdictional bar extends to state agencies such as the Indiana Department of Correction. *See Kashani v. Purdue University*, 813 F.2d 843 (7th Cir. 1987). Therefore, he cannot proceed against the D.O.C.

For these reasons, the court:

(1) STRIKES Keith Cleveland's supplemental complaint (ECF 14) because he has indicated that he wishes to proceed on his amended complaint (ECF 8);

(2) GRANTS Keith Cleveland leave to proceed against Sgt. Coska in his individual capacity for monetary damages for being deliberately indifferent to his need to be housed on the 200 range or below due to his asthma, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES the D.O.C.;

(4) DIRECTS the clerk to request Waiver of Service (and the United States Marshals Service to serve process if necessary) on Sgt. Coska at the Indiana Department of Correction with a copy of this order and the complaint (ECF 8), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of the defendant, if he does not waive service; and

(6) ORDERS pursuant to 42 U.S.C. § 1997e(g)(2), Sgt. Coska to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on January 22, 2020

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT