UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEITH CLEVELAND,

    Plaintiff,

    v.       CAUSE NO. 3:19-CV-483-JD-MGG

COSKA,

    Defendant.

OPINION AND ORDER

Keith Cleveland, a prisoner without a lawyer, was housed at Indiana State Prison ("ISP") when he filed this lawsuit, and he is now housed at the Wabash Valley Correctional Facility. He suffers from asthma. According to his Amended Complaint (ECF 8), a member of the medical staff at ISP determined that he should be housed on the 200 range or below. Cleveland alleges that, on June 12, 2019, Sgt. Kaczka[1] moved him to the 400 range even though Cleveland showed Sgt. Kaczka a medical instruction form indicating that he needed to be housed on the 200 range or below. *See* ECF 10. The next day, Cleveland passed out while walking up the stairs. Cleveland was granted leave to proceed against Sgt. Kaczka for being deliberately indifferent to his need to be housed on the 200 range or below due to his asthma, in violation of the Eighth Amendment.

---

[1] While Cleveland sued the defendant as Sgt. Coska, the correct spelling of the defendant's name is Sgt. Kaczka, and it will be used in this order.

Cleveland filed a "motion proving I have my grievances" prior to the deadline for Sgt. Kaczka to move for summary judgment on the issue of exhaustion of administrative remedies. ECF 37. Cleveland attached a copy of an Offender Grievance Form dated May 23, 2019, which grieved an incident on May 18, 2019. ECF 37-1 at 1. The grievance indicated that he was being housed on the 400 range even though medical staff had provided him with a 200 and below pass. *Id.* The grievance was rejected on May 29, 2019, because there was no indication that Cleveland had attempted to resolve his complaint informally and because his grievance concerned a classification issue. *Id.* at 2. A note further indicated that "[t]he 400 range in DU is considered the 200 range of the DU unit." *Id.* Cleveland also provided a copy of a grievance dated September 23, 2019, complaining about being moved to the 400 range on both May 20, 2019, and June 12, 2019. *Id.* at 3.

On May 13, 2020, Sgt. Kaczka filed a motion for summary judgment on the issue of exhaustion of administrative remedies. ECF 47. Cleveland was provided with the summary judgment notice required by N.D. Ind. L.R. 56-1 and a copy of both Federal Rule of Civil Procedure 56 and Local Rule 56-1. ECF 49. The notice informed Cleveland of the importance of filing a response. It advised that, unless he disputed the facts presented by the defendant, the court could accept those facts as true. *See* Fed. R. Civ. P. 56(e). It further advised that a lack of response could result in the dismissal of his case. *See* Fed. R. Civ. P. 56(a).

Cleveland filed a response consisting of two hand-written pages. ECF 50. He did not cite to any evidentiary material in support of his motion. Cleveland then filed an

2

amended response consisting of a single hand-written paragraph. ECF 52. Again, he provided no citations to evidentiary material. Sgt. Kaczka filed a reply. ECF 53. And, Cleveland then filed a sur-reply without leave of court. ECF 54. It is also without citation to any evidentiary material. Sgt. Kazka moved to strike the sur-reply. ECF 55. To the defendants' point, "[t]he court generally does not permit litigants to file a sur-reply brief." *Savage v. Finney*, 2011 WL 3880429, at *1 (N.D. Ind. 2011). Nevertheless, the court declines to strike the sur-reply from the electronic docket because it is unclear how it prejudices the defendants. *See Tektel, Inc. v. Maier*, 813 F. Supp. 1331, 1334 (N.D. Ill. 1992) ("Motions to strike under Federal Rule 12(f) are not favored, and are usually denied unless the language in the pleading has no possible relation to the controversy and is clearly prejudicial.").

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the

3

district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002).

A grievance process was available to inmates during Cleveland's time at the Indiana State Prison. ECF 47-2. This policy sets forth a multi-step grievance process. First, an inmate must attempt to informally resolve his complaint. ECF 47-2 at 8-9. If the inmate is unable to resolve the complaint informally, he may file a formal grievance within ten days of the incident giving rise to the complaint. *Id.* at 9-10. Finally, if an inmate is dissatisfied with the resolution of the formal grievance, he may file an appeal within five days of receiving a response to the formal grievance. *Id.* at 11-12. And, if his appeal is denied, he may seek further review. *Id.* at 12. Grievable issues include staff treatment and actions of individual staff. *Id.* at 19.

There is a separate appeal process to challenge classification decisions, such as bed moves. ECF 47-2 at 3; ECF 47-5 at 5; ECF 47-6. An offender that wishes to challenge an intra-facility transfer decision must submit an appeal within ten working days of receiving notification of the decision. ECF 47-6 at 10.

4

Grievance Specialist Joshua Wallen represents that he reviewed Cleveland's grievance history and determined that he did not timely complete each step of the grievance process for the claim at issue in this case. ECF 47-1 at ¶ 29. In his response, Cleveland points to no evidence that refutes Wallen's statement. In his "motion showing he has his grievances," Cleveland points to one grievance from May 23, 2019, that predates the July 12, 2019, incident that gave rise to the claim Cleveland is proceeding on here. Even if this May grievance could somehow be deemed an effort to exhaust Sgt. Kaczka's actions in June, the grievance was rejected for two reasons: Cleveland did not try to resolve his complaint informally first and the issue was deemed a classification issue because he was challenging a bed move. As for the September 23, 2019, grievance – the amended complaint was filed on July 22, 2019. Cleveland was required to exhaust his remedies before bringing suit, so a grievance that was filed two months after he filed his amended complaint cannot satisfy the exhaustion requirement. *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) ("[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment.").

Given the response to his May 23, 2019, grievance, Cleveland may have believed that a challenge to his bed being moved was a classification issue. Mark Newkirk is responsible for reviewing and reasoning to classification appeals. ECF 47-5 at ¶ 3. Newkirk does not have a record of Cleveland filing a classification appeal regarding his placement on the 400 range during the relevant period of time. *Id.* at ¶¶ 10-11.

5

Cleveland offers no evidence whatsoever that he challenged Sgt. Kaczka's actions by filing a classification appeal.

Nothing in the record suggests that Cleveland was unable to exhaust the administrative remedies available to him. Rather, the record is devoid of any effort to exhaust his administrative remedies between the date of the incident and the filing of his amended complaint. Therefore, the motion for summary judgment must be granted.

Cleveland also filed a document titled "Motion 200 and below pass." ECF 68. To the extent that Cleveland is seeking preliminary injunctive relief from the court, the request is denied because summary judgment will be granted in favor of Sgt. Kaczka.

Finally, Cleveland has filed several motions (ECF 69; ECF 70; ECF 71) asking the court to rule in his favor on the dispositive motions pending before the court. It appears from those motions as though Cleveland believes that his filings should receive immediate attention, superior to all other matters before the court. Certainly, this case is important, but all cases filed in this court are important. This is not the only case pending before this court. It takes time to accurately review and justly rule on each filing. Doing that is delayed by unnecessary motions like these.

For these reasons, the court:

(1) DENIES Keith Cleveland's motion proving that he has his grievances (ECF 37);

(2) DENIES Sgt. Kaczka's motion to strike Cleveland's sur-reply (ECF 55);

(3) DENIES Keith Cleveland's motions seeking a 200 and below pass (ECF 68);

(4) DENIES Keith Cleveland's motions seeking ruling (ECF 69; ECF 70; ECF 71);

(5) GRANTS Sgt. Kaczka's motion for summary judgment (ECF 47);

(6) DISMISSES this case without prejudice; and

(7) DIRECTS the clerk to enter judgment and to close this case.

SO ORDERED on January 21, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT